THE STATE, DEFENDANT IN ERROR, v. SAMUEL WAX-
MAN, PLAINTIFF IN ERROR.

Argued November 6, 1918—Decided June 4, 1919.

By statute it is made unlawful to sell, or permit to be sold, without
a license, certain specified liquors. The permission here made
unlawful is such permission as amounts to actual assent and
not such permission as involves mere failure to act.

On error to Salem County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the state, *Daniel V. Summerill, Jr.*

For the plaintiff in error, *Thomas G. Hilliard.*

The opinion of the court was delivered by

SWAYZE, J. The defendant was convicted of illegal sales
of liquor. He did not personally make the sales, but the
state claimed that they were made by his employes with his
assent. The court charged that if the jury believed that the
sales were made by either of the men alleged to be employes,
"and made with the knowledge or what a reasonable man
would know to be the act of Waxman, he is responsible for
the acts of these men. In other words, if he had knowledge
that it was going on, he would be responsible, or if he had
reason to know—he can't close his eyes to it and say he didn't
know these other men were selling. It is his duty to know
what goes on in his place, and if a reasonable man would
have known it, he is responsible for the acts." This charge
was erroneous. It attempted to engraft upon the criminal
law a theory of liability proper to the law of negligence, but
not to the criminal law, where there must be either a criminal

intent or such language in the statute defining the crime as shows that the legislature meant that criminal intent should be unnecessary. The statute in the present case makes it unlawful to sell, or permit to be sold without a license, certain specified liquors. In view of the principle that requires criminal statutes to be strictly construed, we think the permission made unlawful is such permission as amounts to actual assent and not such permission as involves mere failure to act. The consequences of adopting the latter definition would be absurd; for example, it would make it unlawful for a mere outsider to permit a sale though he had no authority to forbid it. Obviously, a construction must be adopted that would prevent so absurd a result. We can think of no safer construction than to attribute to the word "permit" the meaning of "assent." This would leave it open to a jury to find as a fact under the circumstances of a particular case that the defendant by willfully closing his eyes winked at the offence and thereby tacitly assented and made himself guilty of permitting the unlawful sale within the meaning of the statute. This view condemns the charge, for that failed to leave to the jury the question whether what the defendant failed to do justified the inference of his assent to what the alleged employes did.

It may be well to add that the indictment in the present case averred that the defendant sold, and *caused, suffered* and *knowingly permitted* liquor to be sold without a license. The charge allowed a conviction, though none of these averments was proved.

The judgment must be reversed and the record remitted for a new trial.