125 N.J. Super. 566 (1973)
312 A.2d 511
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
N.J., A JUVENILE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 20, 1973.
Decided December 10, 1973.
*567 Before Judges HALPERN, MATTHEWS and BISCHOFF.
*568 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. David H. Ben-Asher, Designated Counsel, on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Kenneth P. Ply, Assistant Prosecutor, of counsel).
PER CURIAM.
Defendant appeals from an adjudication of juvenile delinquency, contending said adjudication was based upon an erroneous interpretation of N.J.S.A. 2A:170-3.
Evidence disclosed that the juvenile was standing in line to board a bus on the corner of Market Street in Newark. While standing in line he was observed, by a police officer, reaching his hand into the purse of a woman standing ahead of him in line. He was arrested on the spot and charged with violation of N.J.S.A. 2A:170-3, which reads in pertinent part as follows:
Any person who * * * is found in or near * * * any place of business resort or assemblage for business, travel, worship, amusement or other lawful purpose, with intent to steal any goods or chattels, is a disorderly person.
Defendant argues that a bus stop does not come within the description of places mentioned in the statute. We recognize that as a penal statute it should be strictly construed. State v. Angelo's Motor Sales, Inc., 125 N.J. Super. 200 (App. Div. 1973); 3 Sutherland Statutory Construction (3d. ed. 1943) § 5604 at 49, and that all doubts as to the meaning of a statute should be resolved in favor of a defendant charged with a violation thereof. State v. Blackman, 125 N.J. Super. 125 (App. Div. 1973).
However, penal statutes must also be construed with common sense consonant with the objectives of the Legislature. United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed 260 (1952); *569 see State v. Provenzano, 34 N.J. 318 (1961); 3 Sutherland Statutory Construction (3d ed. 1943), § 5606 at 57. And a court should interpret a penal statute with relation to the mischief and the evil to be suppressed. State v. Meinken, 10 N.J. 348, 352 (1952); State v. Angelo's Motor Sales, Inc., supra.
A reading of the statute in question, with these principles in mind, leads to the inescapable conclusion that defendant's conduct at the bus stop is clearly included within the ambit of the statute and is such conduct as the Legislature intended to prohibit.
Affirmed.