154 N.J. Super. 135 (1977)
381 A.2d 38
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GAETANO ALVEARIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1977.
Decided October 31, 1977.
*136 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Jack Feinberg argued the cause for appellant (Messrs. Goldenberg, Mackler & Feinberg, attorneys).
Mr. Solomon Forman, First Assistant Prosecutor, argued the cause for respondent (Mr. Richard J. Williams, Atlantic County Prosecutor, attorney; Mr. Peter L. Bruso, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant was convicted in the Municipal Court of Atlantic City of "soliciting for prostitution", N.J.S.A. 2A:170-5. After a trial de novo in the County Court the conviction was affirmed and a custodial sentence was imposed.
On this appeal defendant argues that the offense for which he was convicted is not supported by the proofs adduced. He does not dispute that from the evidence it could have been found beyond a reasonable doubt that defendant, who is a desk clerk in this hotel, rented rooms to unmarried couples, knowing they would be used for the purpose of prostitution. However, the provision of the Disorderly Persons Act under which the conviction was had, N.J.S.A. 2A:170-5, provides:
Any person who practices prostitution, or who, by word, act sign or any device, invites or solicits unlawful sexual intercourse or any other unlawful, indecent, lewd or lascivious act, is a disorderly person.
The extent to which the facts of this case lie beyond the reach of the statute is seen from the complaint itself which charges that the defendant did
*137 * * * unlawfully and knowingly operate and maintain a building for the purpose of prostitution and did unlawfully permit prostitution to take place on his premise [sic], having full knowledge, and reside in said building contrary to 2A:170-5.
In its original form the statute, which was first enacted in 1930, provided:
Any person who shall invite or solicit, by word, act, sign or any device, unlawful sexual intercourse, or any other unlawful, indecent, lewd or lascivious act, shall be deemed and adjudged to be a disorderly person.
The statement which accompanied the bill recited:
The object of this bill is to curb nightwalkers and prostitutes in interfering with and soliciting pedestrians from doorways, houses, etc., the law being insufficient to curb such violations as it now exists.
There can be little doubt that this provision is addressed narrowly to behavior calculated to attract illicit custom by or on behalf of the prostitute. In light of the legislative history and the evil intended to be eradicated by N.J.S.A. 2A:170-5 we conclude that defendant's conduct does not fall within this particular prohibition. The statutory language, being penal in nature, is subject to the rule of strict construction and all doubts must be resolved in defendant's favor. State v. N.J., Juvenile, 125 N.J. Super. 566, 568 (App. Div. 1973). As stated in State v. Brenner, 132 N.J.L. 607 (E. & A. 1945):
A penal statute is to be read in relation to the evil or mischief to be suppressed. While its terms are to be given effect in accordance with their fair and natural acceptation, they cannot be extended by implication or intendment. Enactments of this class are on well-settled principles to be strictly construed against the State. State v. Lash, supra, [16 N.J.L. 380 (Sup. Ct. 1838)]; State v. Waxman, 93 N.J.L. 27. Acts not clearly within the prohibited class are excluded. General terms are restrained by the obvious sense and purpose of the statute. * * * It is not a question of morals, but one of law; and the legislative expression must be interpreted by the principles of the common law. [at 611]
*138 To equate the knowing rental of rooms with inviting or soliciting would enlarge the meaning of "invites or solicits" beyond its obvious sense and permit the imposition of punishment for acts not clearly prohibited under the statute. Had the Legislature intended for it to be thus applicable it could have easily so provided. Compare N.J.S.A. 2A:133-2.
The judgment of conviction is reversed and a judgment of acquittal is ordered.