182 N.J. Super. 334 (1980)
440 A.2d 1174
THE STATE OF NEW JERSEY IN THE INTEREST OF A.W.S., A JUVENILE.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Bergen County.
December 16, 1980.
*335 Roger W. Breslin, Jr., Bergen County Prosecutor, for plaintiff (Christine Falco Kirkpatrick, Assistant Prosecutor, appearing).
Bruce Chase, for juvenile, A.W.S.
POLITO, J.D.C. (temporarily assigned).
This is a motion by the juvenile defendant, A.S. to dismiss the complaint charging a violation of N.J.S.A. 2C:11-2(a) and N.J.S.A. 2C:11-5(a), (Criminal Homicide and Death by Auto). The defendant also moves to dismiss the complaint charging a violation of N.J.S.A. 2C:12-1(b)(1).
The State and the defendant have consented to the submission of a decision on the motion prior to trial. The Court, in so rendering its decision, relies on R. 3:10-6.
Pursuant to R. 3:10-6 the Court establishes the following facts. On June 10, 1980, A.S. was traveling in his car southbound on River Street, Hackensack. At about the same time, *336 Charlotte Eilertsen was proceeding northbound in the slow lane of River Street. River Street is a four lane thoroughfare having two lanes for each direction.
A.S. attempted to pass another car by using the slow lane of traffic. As he moved back into the fast lane, A.S. careened across three lanes of traffic and his car collided with the Eilertsen car which was accelerating from a full stop.
Mrs. Eilertsen was with a term pregnancy, three days from the expected date of delivery, and the impact is alleged to have resulted in trauma causing a complete abruption of the placenta and a stillborn fetus.
A.S. has been charged under N.J.S.A. 2C:11-2(a) and N.J.S.A. 2C:11-5(a) with death by auto and homicide of the fetus resulting from his careless and heedless operation of an automobile in willful and wanton disregard for the rights and safety of others. He is further charged under N.J.S.A. 2C:12-1(b)(1) with aggravated assault with an automobile upon the person of Mrs. Eilertsen.

I
Death by auto, N.J.S.A. 2C:11-5, is criminal homicide under N.J.S.A. 2C:11-2. It is defined as driving carelessly and heedlessly in willful or wanton disregard of the rights or safety of others which causes the death of another human being. The State, in opposition to defendant's motion, contends that a fetus is within the protected class, a human being, under the statute.
N.J.S.A. 2C:1-1 et seq. does not define human being. Pursuant to the rules of statutory construction, a statute shall not be interpreted "beyond the fair meaning of its terms lest it be applied to persons or conduct beyond the contemplation of the legislature". State v. Carbone, 38 N.J. 19, 24 (1962) citing State v. Provenzano, 34 N.J. 318, 322 (1961). Thus, a review of the legislative history of the statute is required.
*337 The State has made reference to the proposed New Jersey Penal Code in the report of the Commission dated 1971 and the recommended definitions of homicide and human being. Relying upon the proposed definitions the State asks the Court to include a fetus within the protected class under our present homicide law. The position of the State is not unique. In State v. Anderson, 135 N.J. Super. 423 (Law Div. 1975) the State presented the proposed drafts of the code to the Court. The Court held:
[w]while [the] proposed code and its commentary have often been cited by our courts in support of various propositions, such proposed Code, never having been adopted by the Legislature is not statutory law of our State nor is it binding upon our trial courts, except where some specific quotation has been endorsed by our Appellate Courts, which usually is limited to a statement contained in the commentary. 135 N.J. Super. at 428.
It was further held that the case law cited by the Court was deemed to be the law of the case. Thus, this Court is bound by the rules of statutory construction, legislative intent and, the case law cited herein.
Although the issue of fetal homicide was addressed in Anderson the facts of that case are distinguishable from the facts herein. In Anderson the defendant shot a pregnant woman in the abdomen. By a Caesarian operation the woman was delivered of twin fetuses. They survived for some time outside of the womb before succumbing from the injuries sustained.
Thus, in Anderson, the court's discussion of homicide of a fetus delivered stillborn is dictum.
The case before this Court is, therefore, a case of first impression under N.J.S.A. 2C:1-1 et seq.
This Court, in the absence of a New Jersey case on point, has reviewed the case law of other jurisdictions for guidance.
In Keeler v. Superior Court of Amador County, 2 Cal.3d 619, 87 Cal. Rptr. 481, 470 P.2d 617 (1970) the court held "a viable fetus, wounded while in the mother's womb and then dying within the womb so as to be stillborn, could not cause one to be answerable under the California homicide statute. However, *338 once an infant had been born alive and then died as a result of a pre-natal injury such offense would be a homicide". See also State v. Larsen, 578 P.2d 1280 (Utah 1978); State v. Dickinson, 28 Ohio St.2d 65, 275 N.E.2d 599 (1971).
The California Legislature has since amended the homicide statute to include a fetus within the protected class, Stat. 1970, Ch. 1311, p. 2440, West's Ann.Pen.Code, § 187, which the court believes highlights the necessity of legislative action in this area of the law. Nevertheless, the Keeler decision was not inconsistent with the common law that causing the death of a fetus by striking or poison was not murder unless the child was born alive and died thereof.[1]
The State contends, contrary to enunciated tenets of the criminal law, that a fetus is within the protected class under N.J.S.A. 2C:11-2(a) and 2C:11-5(a). The State further urges the court to employ a State's interest analysis similar to that employed in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) to find inclusion. However, the court finds that the statutory, constitutional and factual issues in Roe are inapposite to those presented herein.
In Roe an unmarried woman sought and was denied an abortion under the Texas anti-abortion statute. She brought suit for violation of her constitutional right of privacy.
The court held the right to privacy was not absolute, but that a State's interest in absolute prohibition of abortion did not arise until the third trimester of pregnancy. The State's interest prior to the third trimester would be limited to maintaining the safety of the patient and pursuant thereto, reasonable regulations of facilities engaging in abortion procedures could be established.
*339 The State's interest in protecting the potentiality of human life arises in the third trimester of pregnancy. During this period of a pregnancy the fetus is presumed capable of meaningful life outside the mother's womb. The court in Roe held; "if the State is interested in protecting fetal life after viability, it may go so far as to proscribe abortion during that period, except when it is necessary to preserve the life or health of the mother". Roe, 410 U.S. 113, at 163-164, 93 S.Ct. 705 at 732, 35 L.Ed.2d 147 at 183.
The decision in Roe v. Wade led to the repeal of the New Jersey anti-abortion statutes. Abortion is now governed by 8 N.J.A.C. 40:4.1 et seq. The administrative regulations, promulgated under authority of N.J.S.A. 26:2H-1 et seq., prohibit abortions in the third trimester of pregnancy unless the life or health of the mother is jeopardized or the life of a viable fetus is jeopardized as evidenced by obvious distress or it has been determined that there is a non-viable or deformed fetus. These regulations are in accord with the decision in Roe and are, presumably, based upon the State's interest in protecting the potentiality of human life.
The legislative prohibition of abortions in the third trimester of pregnancy, permisibly delegated under N.J.S.A. Const.Art. 3 par. 1, evidences an intent on the part of the legislature to protect the potentiality of human life in the context of abortions.
The extent of judicial power and the rules of statutory construction preclude extending the policy underlying 8 N.J.A.C. 40-4.1 et seq. to N.J.S.A. 2C:1-1 et seq.
Under the Constitution of the State of New Jersey, "the judicial function is not an instrument through which legislation can be extended beyond its stated limits, no matter how ennobling the idea or laudatory the purpose." Washington Twp. v. Central Bergen Community Mental Health Center, Inc. 156 N.J. Super. 388 (Law Div. 1978); N.J.S.A. Const.Art. 3 par. 1. More importantly, penal statutory construction "is not a question *340 of morals but one of law". State v. Brenner, 132 N.J.L. 607, 611 (E &A 145). Penal statutes must be strictly construed and all doubts must be resolved in favor of the defendant. State v. Alvaerio, 154 N.J. Super. 135 (App.Div. 1977).
The court must adhere to the above cited rules of construction and finds that the interests protected by the promulgation of 8 N.J.A.C. 40-4.1 et seq. are not applicable to N.J.S.A. 2C:11-2(a) and 2C:11-5(a) and are not binding upon the court herein.
The homicide and death by auto statutes, N.J.S.A. 2C:11-2(a) and 2C:11-5(a) do not express a clear intention on the part of the legislature to include a fetus within the protected class thereunder. Quite the contrary, the legislative history is indicative of an intention on the part of the legislature to exclude a fetus from the protected class.
Therefore, the motion to dismiss the complaint charging homicide and death by auto of the fetus, N.J.S.A. 2C:11-2(a) and 2C:11-5(a) is granted.

II
The defendant has also moved to dismiss the complaint charging aggravated assault under N.J.S.A. 2C:12-1(b)(1) with an automobile. A charge of aggravated assault with an automobile may result in conviction if it can be shown that the defendant drove recklessly manifesting an extreme indifference to the value of human life which results in injury to a person. See State v. Shutte, 87 N.J.L. 15 (1915) aff'd. 88 N.J.L. 396 (1916), where malice and intent requirements of existing statute were met by establishing recklessness in the operation of an automobile. See also State v. Cosgrove, 102 N.J.L. 255 (Sup. Ct.D 1926). Therefore, unless the procedural bar urged by the defendant is persuasive, a significant factual issue remains.
Defendant was found guilty of reckless driving in the Hackensack Municipal Court. Defendant contends a finding of guilt at the municipal level for reckless driving bars a later trial for aggravated assault with an automobile. N.J.S.A. 2C:1-8(a)(4). *341 Defendant's argument that the reckless driving charge is a general charge and that the aggravated assault charge is essentially the same only directed to more specific conduct is not supported by case law.
In State v. Currie, 41 N.J. 531 (1964) it was held that a conviction for reckless driving in a municipal court did not procedurally bar a trial for aggravated assault arising out of the same set of facts.
The motion by defendant to dismiss the charge of aggravated assault under N.J.S.A. 2C:12-1(b)(1) is, therefore, denied.
NOTES
[1] See The State v. Cooper, 22 N.J.L. 52, 54 (1849) citing 1 Hawk. 3.1, c. 31, § 16, an abortion case which first addressed the issue of fetal homicide in New Jersey.