458 So.2d 875 (1984)
STATE of Florida, Appellant,
v.
Norma Willis McCALL, Appellee.
No. 84-568.
District Court of Appeal of Florida, Second District.
November 14, 1984.
*876 Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellee.
GRIMES, Judge.
This appeal raises the question of whether a viable full-term fetus is a human being within the definition of the crimes of DWI manslaughter and vehicular homicide.
Appellee was involved in an automobile accident resulting in the death of Jeanette Umbel. At the time of her death, Ms. Umbel was in labor with a full-term viable fetus. As a result of the accident, the fetus was stillborn, having never lived independently of his mother's body and never having a heartbeat or breath after delivery by Caesarean section.
The state charged appellee with two counts of vehicular homicide in violation of section 782.071, Florida Statutes (1983), and two counts of DWI manslaughter in violation of section 316.1931, Florida Statutes (1983). Appellee moved to dismiss counts III and IV of the information on the grounds that these counts which alleged "the death of a human being, to wit: Michael Thomas Umbel, fetus," failed to state a crime. Following a hearing, the court dismissed counts III and IV. The state appeals.
Section 782.071 defines vehicular homicide as "the killing of a human being" by the reckless operation of a motor vehicle. Section 316.1931(2) provides that any person who causes the death "of any human being" by the operation of a motor vehicle while intoxicated shall be guilty of manslaughter. Thus, the issue before us is whether Michael Thomas Umbel, a viable full-term fetus, was a "human being" within the statutory definitions of the crimes.
Under English common law, the killing of an unborn child was not considered homicide. E. Coke, Institutes III [*]50; 1 W. Blackstone, Commentaries [*]129-130. American courts have generally followed the common law rule in holding that the words "person" or "human being" as used in their homicide statutes do not include unborn children. Annot., 40 A.L.R.3d 444 (1971). The United States Supreme Court has said that the word "person," as used in the Fourteenth Amendment, does not include the unborn. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).
The state attacks as archaic the common law requirement that a fetus must be born alive to become a human being who can be the victim of a crime. The state argues that the common law rule can no longer stand in the face of current medical and scientific knowledge that life exists before birth. However, many courts have rejected this same argument on the premise that any changes in such a complex and controversial area of the law should be made by legislative action rather than judicial decision. Keeler v. Superior Court of Amador County, 2 Cal.3d 619, 470 P.2d 617, 87 Cal. Rptr. 481 (1970); People v. Greer, 79 Ill.2d 103, 37 Ill.Dec. 313, 402 N.E.2d 203 (1980); People v. Guthrie, 97 Mich. App. 226, 293 N.W.2d 775 (1980), appeal denied, 417 Mich. 1006, 334 N.W.2d 616 (1983); State v. Dickinson, 28 Ohio St.2d 65, 275 N.E.2d 599 (1971). In fact, the only American case brought to our attention in which a court has held that a viable fetus is either a "person" or a "human being" within the meaning of its homicide statutes is Commonwealth v. Cass, 392 Mass. 799, 467 N.E.2d 1324 (1984). Although the decision was partially based upon the concept that *877 the common law should be changed as necessary to keep pace with scientific advances, the court also relied upon previous Massachusetts cases which had held that a viable unborn child was a person under its wrongful death statute.
There are no Florida cases involving homicide against an unborn child. However, the born alive doctrine persists in Florida negligence law. A stillborn fetus was not a "minor child" under the old Wrongful Death of Minors Act, section 768.03, Florida Statutes (1965) (repealed 1972). Stokes v. Liberty Mutual Insurance Co., 213 So.2d 695 (Fla. 1968). Likewise, a viable fetus, subsequently stillborn, is not a "person" under the new Wrongful Death Act, sections 768.16-768.27, Florida Statutes (1983). Stern v. Miller, 348 So.2d 303 (Fla. 1977).
In Love v. State, 450 So.2d 1191 (Fla. 4th DCA 1984), the court was faced with the question of whether the defendant could be convicted of aggravated battery against an unborn fetus. The defendant had shot a pregnant woman in the lower abdomen and the bullet struck the seven and a half month fetus. Miraculously, the child lived following a Caesarean section. In reversing the defendant's conviction, the court held that an unborn fetus was not a "person" for purposes of the aggravated battery statute. The court urged the legislature to enact laws protecting the unborn fetus from violence of the kind involved in that case.
To some extent, the Florida legislature has addressed the killing of an unborn child. Section 782.09, Florida Statutes (1983), provides:
782.09 Killing of unborn child by injury to mother.  The willful killing of an unborn quick child, by any injury to the mother of such child which would be murder if it resulted in the death of such mother, shall be deemed manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Of course, this statute does not apply to the instant case because the information does not allege the willful killing of either Michael Thomas Umbel or his mother.
Penal statutes must be strictly construed. State v. Buchanan, 191 So.2d 33 (Fla. 1966). In most circumstances, substantive changes in long-standing common law rules are best left to the legislature. Accordingly, we hold that in Florida there are no such crimes as vehicular homicide and DWI manslaughter of a viable but unborn child. We do not hold that a viable fetus is not alive nor do we hold that a person should not be punished for causing its death. We simply adopt the traditional interpretation of the words "human being" under the homicide statutes as meaning one who has been born alive. Therefore, the court properly dismissed those counts of the information relating to the death of Michael Thomas Umbel.
Affirmed.
BOARDMAN, A.C.J., and SCHEB, J., concur.