## 74505. BILLINGSLEY v. THE STATE.
(360 SE2d 451)

BANKE, Presiding Judge.

Appellant was convicted of two counts of vehicular homicide based on evidence that she had caused the deaths of Sheila Flewellen and of Mrs. Flewellen's unborn child by driving under the influence of alcohol. Mrs. Flewellen was six-months pregnant at the time the incident occurred. A blood test administered to the appellant following her arrest registered her blood-alcohol content at .21 percent. *Held*:

1. The appellant contends that she cannot be convicted of a separate count of vehicular homicide based on the death of the unborn child because an unborn child does not constitute a "person" within the meaning of the vehicular homicide statute. That statute, OCGA § 40-6-393, provides, in pertinent part, as follows: "(a) Any person who, without malice aforethought, causes the death of another person through the violation of Code Section 40-6-271, 40-6-390, 40-6-391, or subsection (a) of Code Section 40-6-395 commits the offense of homicide by vehicle in the first degree and, upon conviction thereof, shall be punished by imprisonment for not less than two years nor more than 15 years."

In various types of civil actions involving death or injury to unborn children, it has been held that an unborn fetus may be included within the definition of "person." For example, this court, in the recent case of *Gulf Life Ins. Co. v. Brown*, 181 Ga. App. 72 (351 SE2d 267) (1986), denied summary judgment to a life insurance carrier on the issue of whether its policy covered a stillborn child. See also *Tucker v. Howard L. Carmichael & Sons*, 208 Ga. 201 (65 SE2d 909) (1951) (action allowed for prenatal injury to "quick" child); *Porter v. Lassiter*, 91 Ga. App. 712 (87 SE2d 100) (1955) (action allowed for wrongful death of "quick" child); *Hornbuckle v. Plantation Pipe Line Co.*, 212 Ga. 504 (93 SE2d 727) (1956) (holding that injury sustained by unborn child during any period of prenatal life is actionable); *Shirley v. Bacon*, 154 Ga. App. 203 (267 SE2d 809) (1980) (holding that there is no absolute rule on when "quickening" occurs); *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983) (holding that in some situations a duty is owed towards an unconceived child.) Unfortunately, these cases provide us with no guidance towards resolution of the present appeal, since it involves a statute which is penal in nature and consequently must be narrowly construed. See generally *Hayes v. State*, 11 Ga. App. 371 (75 SE 523) (1912).

In this state, no act is criminal unless it is expressly made so by positive legislative enactment. OCGA § 16-4-1; *Moore v. State*, 94 Ga. App. 210 (94 SE2d 80) (1956). However, although there are no common law crimes, it is axiomatic that certain words appearing in criminal statutes are intended by the legislature to have the same meaning they had at common law. *Jones v. State*, 101 Ga. App. 851, 855 (115 SE2d 576) (1960).

As used in our criminal code, the term "person" is defined, in relevant part, to mean an "individual." OCGA § 15-1-3 (12). However, no definition of "individual" appears in the code, nor is there any further relevant attempt to define "person." Turning therefore to the common law, we find that an unborn fetus clearly was not considered a "person" or "human being" and that the killing of an unborn child consequently was not regarded as a homicide at common law. (See

*Roe v. Wade,* 410 U. S. 113 (93 SC 705, 35 LE2d 147) (1973), for an indepth history and analysis of the common law on this subject and of its impact on legislation in this country.)

Because we must construe penal statutes narrowly in favor of the accused, it follows from the foregoing that we must presume the legislature did not intend for the term "person" as used in the vehicular homicide statute to encompass unborn children. This interpretation is supported by the fact that the legislature re-enacted a feticide statute in 1982 (OCGA § 16-5-80, Ga. L. 1982, p. 2499, § 1), a course of action which would have been unnecessary had unborn children been considered persons within the meaning of our existing homicide statutes.

Because an unborn child cannot be considered a "person" within the meaning of OCGA § 40-6-393, it follows that the appellant's conviction of vehicular homicide arising from the death of the unborn child must be reversed. We note that this result is in accord with the holdings of numerous other jurisdictions in which the issue has been considered. See, e.g., *Keeler v. Superior Court,* 2 Cal. 3rd 619 (470 P2d 617, 87 Cal. Rptr. 481) (1970); *State v. A.W.S.,* 182 N.J. Super. 334 (440 A2d 1174) (1980), aff'd, 182 N.J. Super. 278 (440 A2d 1144) (1981); *State v. Dickinson,* 23 Ohio App.2d 259 (263 NE2d 253) (1970), aff'd, 28 Ohio St.2d 65 (275 NE2d 599) (1971).

2. Appellant asserts that it was error for the trial court to admit the results of her blood-alcohol test because she was not advised at the time of her initial detention of her implied consent rights and also because she did not have the benefit of counsel at the time she actually gave her consent. As to appellant's first contention, we agree with the observation of the trial court that the appellant was actually better protected by being informed of her implied consent rights at the hospital than she would have been by being so informed at the scene of the accident. Accord *Perano v. State,* 250 Ga. 704, 707 (300 SE2d 668) (1983). As to the second contention, it has been clearly established that a defendant does not have a right to counsel at or prior to the administration of a blood-alcohol test. See *Oyler v. State,* 175 Ga. App. 486 (333 SE2d 690) (1985).

3. Appellant next contends the blood-alcohol test should not have been admitted due to the absence of evidence of an unbroken chain of custody establishing that the test sample was free from tampering. This enumeration of error is without merit. "The circumstances of the case need only establish reasonable assurance of the identity of the sample." *Rucker v. State,* 250 Ga. 371, 373 (297 SE2d 481) (1982). This was accomplished in the present case, as it was in *Rucker,* by evidence the blood sample was intact upon its arrival at the State Crime Lab and that it exhibited no visible signs of tampering.

4. Appellant contends that the evidence was insufficient to estab-

lish that she was intoxicated at the time of the accident. The weight of the evidence and the credibility of the witnesses are for the jury to determine. See generally *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). We hold that the evidence as a whole was sufficient to enable a rational trier of fact to find the appellant guilty of one count of vehicular homicide beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Appellant contends the trial court erred in failing, without request, to charge the jury on proximate cause. A criminal defendant has a duty pursuant to OCGA § 5-5-24 (b) to request any desired jury instructions, and the defendant is relieved of this duty only with respect to omissions which are clearly harmful as a matter of law in that the resulting charge "fails to provide the jury with proper guidelines for determining guilt or innocence." *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973). Since the appellant did not request the charge in question, and since the trial court specifically charged the jury that causation was a material element of the offense which the state was required to prove beyond a reasonable doubt, we find this enumeration of error to be without merit.

6. Appellant's final contention is that the trial court erred in failing to give a requested charge setting out to the jury her contention that the accident was caused by the other driver's running a red light. As a review of the transcript reveals that the trial court in fact gave the requested charge, this enumeration of error presents nothing for review.

*Judgment affirmed in part and reversed in part. Benham, J., concurs. Carley, J., concurs in Divisions 1, 3, 4, 5, 6, and judgment.*

DECIDED JULY 16, 1987 — REHEARING DENIED JULY 28, 1987.

*Tony H. Hight*, for appellant.

*Robert E. Wilson, District Attorney, John H. Petrey, Elisabeth MacNamara, Assistant District Attorneys*, for appellee.