A89A0915. THE STATE v. HAMMETT.

(384 SE2d 220)

SOGNIER, Judge.

The State Court of Gwinnett County sustained Catherine Cole Hammett's general demurrer to the charged offense of homicide by vehicle in the second degree, OCGA § 40-6-393 (b), and the State appeals.

Appellee lost control of her car and collided with a vehicle in which Sarah Ferguson was a passenger. Ferguson was thirty-five weeks pregnant at the time. Ferguson was transported to a hospital and gave birth, through an emergency Caesarean section, to Isaac Ferguson Tolmach. The child lived approximately eleven hours before dying from the injuries he had received in the accident, primarily internal hemorrhaging and a fractured right clavicle.

OCGA § 40-6-393 (b) provides: "Any person who causes the death of another person, without an intention to do so, by violating any provision of this title other than [certain code sections inapplicable here] commits the offense of homicide by vehicle in the second degree when such violation is the cause of said death . . . ." The trial court, relying upon this court's opinion in *Billingsley v. State*, 183 Ga. App. 850 (360 SE2d 451) (1987), ruled that because Isaac Tolmach was a fetus, and thus not a "person" within the ambit of OCGA § 40-6-393 (b) *at the time of the accident*, the State failed to charge appellee with an offense cognizable under the laws of this State. We disagree and reverse.

*Billingsley*, supra, involved a conviction for vehicular homicide where the victim was an unborn fetus. This court noted that under the common law "an unborn fetus clearly was not considered a 'person' or 'human being' and that the killing of an unborn child consequently was not regarded as a homicide at common law. ([Cit.])" Id. at 851-852. Construing narrowly the plain language of the statute as required in interpreting the criminal code, this court held that "the legislature did not intend for the term 'person' as used in the vehicular homicide statute to encompass *unborn* children." (Emphasis sup

plied.) Id. at 852. *Billingsley* is thus distinguishable on its facts from the case sub judice where the victim was without question a legal "person" at the time he died from injuries received in the automobile collision.

Under Georgia law, a person who injures a pregnant woman so that her fetus, though born alive, subsequently dies by reason of the injuries inflicted on it while still in its mother's uterus, can be convicted for the felony murder of the newborn child. *Ranger v. State*, 249 Ga. 315, 316-317 (1) (290 SE2d 63) (1982). This is consistent with the common law status of an unborn child: " 'If a woman be quick with childe, and by a potion or otherwise killeth it in her wombe, or if a man beat her, whereby the childe dyeth in her body, and she is delivered of a dead childe, this is a great misprision, and no murder; but if the childe be born alive and dyeth of the potion, battery, or other cause, this is murder; for in law it is accounted a reasonable creature, *in rerum natura*, when it is born alive.' (3 Coke, Institutes 58 (1648).)" *State v. Dickinson*, 275 NE2d 599, 601 (SC Ohio 1971). It is thus apparent that it is not the victim's status at the time the injuries are inflicted that determines the nature of the crime (murder or vehicular homicide, as opposed to feticide, see OCGA § 16-5-80), but the victim's status at the time of death which is the determinative factor. Accordingly, we cannot agree with the trial court that Isaac Tolmach's status as a fetus at the time the injuries were incurred provides a legal basis for granting appellee's general demurrer where the evidence clearly establishes the victim was a "person" under OCGA § 40-6-393 (b) at the time of his death. Nothing in OCGA § 40-6-393 (b) limits consideration of the status of the victim to the moment at which the injury is inflicted, since the statute explicitly states that second degree vehicular homicide is committed when a person *"causes the death* of another person." (Emphasis supplied.) As noted by the New Jersey court in *State v. Anderson*, 343 A2d 505, 508 (NJ Super. 1975), "[o]bviously, there are many instances where an adult victim has died some considerable time after the infliction of the fatal blow or wound. If the victim recovers and survives, whether by reason of medical or surgical treatment, or otherwise, there is no homicide; yet, if he dies from such wounds, it is murder." Since Isaac Tolmach was a person at the time of his death and there is evidence that appellee caused the injuries that led to his death, the trial court erred by granting appellee's general demurrer to the offense charged.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 26, 1989 —
REHEARING DENIED JULY 11, 1989.

*Gerald N. Blaney, Solicitor, David M. Fuller, Assistant Solicitor,*

for appellant.
*Walter M. Britt*, for appellee.