A89A0152. ALLEN v. THE STATE.
A89A0225. SULLIVAN v. THE STATE.
(384 SE2d 467)

DEEN, Presiding Judge.

Appellants, after being pursued in a high-speed police chase along I-285 in January 1986, were apprehended when the car appellant Allen was driving and in which appellant Sullivan was a passenger collided with a police vehicle. Appellants were convicted of: theft by receiving (the automobile they were driving had been stolen from the service area of a car dealership); criminal interference with governmental property (colliding with and damaging the police car); aggravated assault (driving the automobile at a police officer who had exited his car in an effort to apprehend appellants); two counts of theft by receiving stolen property (a briefcase stolen that night from a car parked at a residence and a gun stolen from another individual's car two weeks earlier were found in the car appellants were driving); and possession of a firearm during the commission of a felony, the felony being the theft of the vehicle in appellants' custody at the time of their apprehension. All of appellants' enumerated errors center on their convictions for possession of a firearm during the commission of a felony. *Held:*

1. Appellants contend that the firearm possession charge is inapplicable when the underlying felony is theft by receiving. We disagree.

OCGA § 16-11-106 (b), as it existed at the time of appellants' alleged offense, provided that "[a]ny person who shall have on his person a firearm . . . during the commission of, or the attempt to commit: (1) Any crime against or involving the person of another; (2) the unlawful entry into a building or vehicle; (3) A theft from a build-

ing or theft of a vehicle. . . ; and which crime is a felony, commits a felony. . . . ." The statutory phrase, "theft of a vehicle," is very general language and, most reasonably construed, includes the various methods of theft rather than limiting it to theft by taking. Theft by receiving a stolen vehicle is a theft of a vehicle. OCGA § 16-8-7.

2. The evidence authorized a rational trier of fact to find both appellants guilty beyond a reasonable doubt of possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellants' remaining enumerations of error also are without merit.

*Judgments affirmed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong and Pope, JJ., concur. Beasley, J., concurs specially. Sognier and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I concur for this reason. There is in Georgia no separate crime of "theft of a vehicle" as such. There used to be, but it was repealed by Ga. L. 1981, p. 1576, § 2, eff. July 1, 1981. The "possession of firearm" statute was substantially changed in 1986 and 1987. We must assume the legislature knew, when it made these revisions but did *not* change the "theft of a vehicle" language, that the separate crime was no longer in existence as a distinctly described crime and that instead, theft of a vehicle was subsumed under all the "by" provisions in the Code on theft. That is to say, there is no such thing as "theft of a vehicle" in legal terminology, according to Georgia's statutory scheme. The crime in statutory parlance would be "theft (of a vehicle) by taking" (OCGA § 16-8-2), or "theft (of a vehicle) by deception" (OCGA § 16-8-3), or "theft (of a vehicle) by conversion" (OCGA § 16-8-4), and so on.

Thus, very clearly, the statutory language "theft of a vehicle" embraces all the Code sections which specify the *methods* of theft. Receiving is one of those methods. The vehicle is merely the object.

BENHAM, Judge, dissenting.

I file this dissent to the merits of the one enumeration the majority has selected to review.

The majority concludes that the phrase "theft of a vehicle" covers all the means of committing a theft listed in OCGA Ch. 16-8, i.e., theft by taking, theft by deception, theft by conversion, theft by receiving stolen property, theft of services, and theft of lost or mislaid property. However, "[i]t has always been the law that criminal statutes must be strictly construed against the State. [Cit.]" *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988). "In this state, no act is criminal unless it is expressly made so by positive legislative enact-

ment. [Cits.]" *Billingsley v. State,* 183 Ga. App. 850 (1) (360 SE2d 451) (1987). Strictly construing OCGA § 16-11-106 (b) (3), we note that it does not *expressly* include all the means of theft from a building or theft of a vehicle. Compare it to OCGA § 16-11-106 (b) (1), which lists *any* crime against or involving the person of another, and to OCGA § 16-11-106 (b) (4 and 5), which cover *any* crime involving controlled substances and trafficking in illegal drugs. Since we must construe the statute strictly against the State and the statute does not expressly include theft by receiving stolen property, I am of the opinion that OCGA § 16-11-106 (b) is not applicable to the instant cases, in which the underlying felony was theft by receiving a stolen vehicle. To hold otherwise gives "theft" a very broad definition and will result in unprecedented convictions. Because such a broad construction of the statute is not permitted, I am constrained to agree that appellants' convictions of possession of a firearm during the commission of a felony should be reversed.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JULY 13, 1989.

*Michael H. Lane,* for appellant (case no. A89A0152).
*Michael A. Zoffman,* for appellant (case no. A89A0225).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M. Newkirk, Richard E. Hicks, Assistant District Attorneys,* for appellee.