603 So.2d 71 (1992)
Anthony Dale KNIGHTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1401.
District Court of Appeal of Florida, Fourth District.
July 29, 1992.
*72 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Knighton appeals from a final order adjudicating him guilty of murder in the third degree and aggravated battery, and sentencing him to a term of four years in prison as a youthful offender, followed by two years' community control on each count to run concurrently.
The parties stipulated to the following facts: appellant discharged a gun inches from 13-year old Schanell Sorrel, who was pregnant at the time; the bullet entered Schanell's abdomen and lodged in the head of the 28-30 week old fetus; Schanell was taken to the hospital, where a Caesarian section was performed; the fetus was a fully formed child with all the necessary parts. The fetus was born alive and would have been expected to live but for the fatal gunshot wound. Appellant entered into a written agreement to plead no contest, specifically reserving the right to appeal the denial of his motion to dismiss Count I, the murder count. Said motion was based upon the ground that Baby Sorrel was not a human being but a fetus at the time the aggravated battery occurred, and that Count I thus failed to state a crime as a matter of Florida law.
Appellant recognizes the common law rule that a fetus must be born alive in order to be a "human being" who can become the victim of a crime. However, he argues that this rule has been abrogated in Florida by the feticide and termination-of-pregnancy statutes, sections 782.09 and 390.001(10), Florida Statutes (1989), respectively. Section 782.09 provides that the willful killing of an unborn quick child by an injury to the mother, which would be murder if it resulted in the mother's death, is manslaughter. Section 390.001(10) makes it a third degree felony to perform a third trimester abortion except in certain circumstances. Accordingly, appellant contends that the protections given to the unborn in Florida by these statutes are inconsistent with the common-law born-alive rule, and thus the born-alive rule has been superseded, or abrogated, by these statutes.
Appellant also relies heavily on Love v. State, 450 So.2d 1191 (Fla. 4th DCA 1984), a case factually similar to the instant case. In Love, the appellant shot a pregnant woman, and the bullet entered the head of a 7 1/2-month old fetus; a Caesarian section was performed, the child was born with the bullet still lodged in his head, and the child lived (the bullet being removed approximately two months after birth); and the appellant was convicted of attempted manslaughter of the mother and aggravated battery on the mother and the fetus. Id. at 1192. This court, in reversing the appellant's conviction and sentence for aggravated battery upon a fetus, noted that the battery statutes (i.e. sections 784.03 and 784.045, Florida Statutes (1989)) proscribed unlawful acts against another "person" and that a strict construction of the statutes indicated that the Legislature did not intend to encompass an unborn fetus within the definition of "person."[1]Id. at 1193. We further stated that:
The State of Florida may certainly protect the mother and the unborn fetus from violence of the sort involved in this case and legislation to this effect is encouraged. We hold only that the existing battery statutes do not enunciate this protection [emphasis added].
Id. Finally, the court in Love reasoned that:
[S]ince the Legislature made specific reference to the unborn dealing with the death of the fetus, the absence of such a statute dealing with a battery on a fetus indicates an intention not to include the unborn within the protection of the battery *73 statutes [emphasis added]. The absence of a specific statute protecting a fetus from a battery is not at all surprising. The Florida battery statute requires an actual touching. Suffice it to say that few ever thought in terms of such a crime against a fetus being committed outside the context of criminal abortion.
Id. Appellant contends that if a fetus, subsequently born alive and apparently healthy, cannot be the victim of an aggravated battery as we held in Love, then a fetus, subsequently born alive, cannot be the victim of third degree murder. We disagree.
Love involved and focused solely on battery, an offense whereby the perpetrator must actually and intentionally touch or strike another person against the will of the other, or intentionally cause bodily harm to an individual. Third degree felony-murder, by contrast, focuses on the end result, the time of death, rather than on the time of the act. § 782.04(4), Fla. Stat. (1989). A step-by-step analysis of the elements of third degree murder as applied to the instant case indicates that:
(1) Baby Sorrel was a human being (under the common law born-alive rule);
(2) Who was unlawfully killed (perpetrated without any design to effect death);
(3) By a person (appellant);
(4) Engaged in the perpetration of, or in the attempt to perpetrate, any felony (i.e. aggravated battery on Schanell Sorrel) other than any of the enumerated felonies.
Although appellant argues the abrogation of the common law born-alive rule by sections 782.09 and 390.001(10), we suggest, as have our sister courts, its continued viability in the absence of any statutory definition of "human being." See State v. Gonzalez, 467 So.2d 723 (Fla. 3d DCA), pet. for rev. denied, Gonzalez, 467 So.2d 723 (Fla. 3d DCA), pet. for rev. denied, 476 So.2d 675 (Fla. 1985); State v. McCall, 458 So.2d 875 (Fla. 2d DCA 1984). The instant case is distinguishable from the cited cases where an unborn fetus is killed. Here, Baby Sorrel was born alive and was thus a "human being" who enjoyed, during its brief life, all the protections accorded to human beings. See also Jones v. Commonwealth, 830 S.W.2d 877 (Ky. 1992); State v. Hammett, 192 Ga. App. 224, 384 S.E.2d 220 (1989); People v. Bolar, 109 Ill. App.3d 384, 440 N.E.2d 639 (1982). We agree with appellant that the Legislature has provided protections for unborn fetuses only in the limited circumstances set forth in sections 782.09 and 390.001(10), Florida Statutes (1989). However, Baby Sorrel was not an unborn fetus whose only protections were those provided by said statutory sections; rather, Baby Sorrel was a human being who died as a result of appellant's act.
Accordingly, appellant's conviction and sentence are affirmed.
POLEN, J., and FEDER, RICHARD Y., Associate Judge, concur.
NOTES
[1] Section 1.01(3), Florida Statutes (1989), defines "person" to include "individuals, children, firms, associations, joint adventure, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations."