■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABU HAYAT, Appellant. [653 NYS2d 305] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered June 14, 1993, convicting defendant, after a jury trial, of abortion in the second degree, three counts of assault in the first degree, assault in the second degree, two counts of falsifying business records in the first degree, and offering a false instrument for filing in the first degree, and sentencing him to consecutive sentences of 5 to 15 years, $2^1/_3$ to 7 years, and $2^1/_3$ to 7 years on the first-degree assault convictions, to be served concurrently with concurrent lesser sentences on the remaining convictions, unanimously affirmed.

The verdict with respect to each charge was supported by legally sufficient evidence and was not against the weight of the evidence. There is no merit to defendant's argument that he was subjected to criminal liability for acts of mere civil negligence. Defendant engaged in outrageous conduct toward the patients in question that cannot be viewed as lapses in professional judgment. Acts and omissions connected with a surgical procedure may constitute a crime where, as here, the elements of such crime have been established beyond a reasonable doubt (*see, People v Einaugler*, 208 AD2d 946, *lv denied* 85 NY2d 908).

Defendant's arguments addressed to the specific counts upon which he was convicted are without merit. We note specifically that defendant was properly convicted of injuring the infant victim since the infant was a "person" from the moment of her birth (*see*, Penal Law § 10.00 [7]), notwithstanding that defendant may have perpetrated the act that caused the injury prior to her birth (*People v Hall*, 158 AD2d 69).

The court's charge concerning the temporal relationship between defendant's conduct and his *mens rea* was appropriate. Defendant's remaining challenges to the court's jury instructions are unpreserved and we decline to review them in the interest of justice. Were we to review these arguments in the interest of justice, we would find that the charge, read as a whole, conveyed the proper standards. However, we would caution against the use of unconventional phraseology in defining the basic concepts. Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.