OPINION OF THE COURT
Joseph D. Valentino, J.
Defendant is charged with manslaughter in the second degree (Penal Law § 125.15 [1]), assault in the second and third degrees (Penal Law § 120.05 [4]; § 120.00 [2]), and attempted petit larceny (Penal Law §§ 110.00, 155.25). At the close of the People’s proof, defendant specifically moved for a trial order of dismissal on the first and fourth counts. Regarding the manslaughter charge, defense counsel argued that it must be dismissed because the victim (Girl Nenni) had no legal status as a person when her mother sustained injuries and delivered the victim prematurely at 23 weeks’ gestation. Additionally, defense counsel argued that the removal of life support was an intervening and superceding cause of death and, as such, defendant could not be the cause of the victim’s death. Regarding the attempted petit larceny, defense counsel stated that the People failed to establish a prima facie case and the charge should be dismissed.
The People opposed the trial order of dismissal and contended that the evidence, viewed in the light most favorable to the People, showed that defendant’s reckless behavior caused a chain of events that resulted in a live birth and the death of that premature infant. The People argued that once the live birth occurred, the victim was a person and the manslaughter charge was proper. Regarding the attempted petit larceny, the prosecutor argued that (1) the proof consisted of more than mere planning and preparation, (2) defendant had no right to be in the passenger side of the van, and (3) defendant’s fleeing and erratic driving were indicative of his intent and being caught in the act of committing the crime.
The court reserved decision until after the jury verdict and now renders its decision. The facts in People v Hall (158 AD2d *969 69 [1st Dept 1990], lv denied 76 NY2d 940 [1990]) are similar to the instant facts. Defendant Hall was convicted of second-degree manslaughter of an infant who was born prematurely by cesarean section following the shooting of her pregnant mother. The infant was delivered prematurely at 28 to 32 weeks of gestation and died 36 hours later (id.). Hall relied upon State v Hammett (384 SE2d 220, 221, 192 Ga App 224, 225 [1989]) for the rule that “it is not the victim’s status at the time the injuries are inflicted that determines the nature of the crime . . . but the victim’s status at the time of death which is the determinative factor.” (158 AD2d at 78.)
Similarly, People v Hayat (235 AD2d 287 [1st Dept 1997]) affirmed the defendant’s conviction of assault of an infant victim. The victim in Hayat “was [held to be] a ‘person’ from the moment of her birth (see, Penal Law § 10.00 [7]), notwithstanding that defendant may have perpetrated the act that caused the injury prior to her birth” (id., citing People v Hall, 158 AD2d 69 [1990]).
Here, the facts adduced at trial showed that Girl Nenni was delivered by cesarean section and had an initial Apgar score of 0. After resuscitation, she had an Apgar score of 1 at 5 and 10 minutes post-delivery. At 16 minutes post-delivery, her heart was beating less than 100 beats per minute. Lab results showed that she had severe acidosis present in her blood gases. When doctors advised the infant’s father of the long-term prognosis and that the infant’s heart rate was incompatible with survival to discharge from the hospital, a decision was made to cease life support. Thereafter, the infant survived another two hours and five minutes and the testimony revealed that the infant must have been making efforts to breathe in order to sustain her heartbeat for that length of time.
Furthermore, the medical examiner testified that the autopsy on Girl Nenni revealed a deep tissue hemorrhage in her scalp and bleeding around the brain, which were the result of trauma to the head and not typical with a cesarean section delivery. The medical examiner also testified that she examined the placenta and observed that it was torn and bleeding. Based on all her observations, the medical examiner concluded that Girl Nenni’s injuries were the result of blunt force trauma and that she died as the result of complications of maternal trauma.
Consequently, in applying the applicable law, at the time of her death, the court concludes that Girl Nenni was a “person” having been born prematurely at 23 weeks’ gestation. *970 Girl Nenni was a person from the moment of her birth, notwithstanding that the acts which caused her injuries occurred prior to her birth (see People v Hayat, supra). After delivery from her mother’s body, Girl Nenni was capable of an existence by means of circulation independent (see People v Hall, supra) from her mother’s and did live for over two hours.
With regard to causation, “the prosecutor must, at least, prove that the defendant’s conduct was an actual cause of death, in the sense that it forged a link in the chain of causes which actually brought about the death” (People v Stewart, 40 NY2d 692, 697 [1976]). “It must be shown that [the] defendant’s actions were a ‘sufficiently direct cause’ of the ensuing death to satisfy the requirements of the criminal, and not the tort, law” (People v McCart, 157 AD2d 194, 197 [4th Dept 1990], lv denied 76 NY2d 861 [1990]).
Here, the proof showed that defendant was driving át a speed in excess of the posted speed limit. Also, defendant’s reckless and erratic driving into oncoming traffic caused a “head-on” collision with another vehicle driven by Heather Nenni, who was 23 weeks’ pregnant. As a result of the collision, Heather Nenni sustained “placental abruption” and required a cesarean section to save her life, even though the fetus was not full term. This premature delivery combined with injuries sustained in the accident to the infant’s head, and complications from maternal trauma resulted in the death of Girl Nenni. The court determines that “defendant’s conduct was an actual cause of death, in the sense that it forged a link in the chain of causes which actually brought about the death” of Girl Nenni (People v Stewart at 697). Although life support was removed, the medical evidence showed that even with life support, the infant would not have lived to discharge from the hospital given her significant injuries and condition. Accordingly, the People established a prima facie case and the court denies defendant’s motion for a trial order of dismissal on the first count.
Regarding the fourth count, the court concludes that the People established a prima facie case of attempted petit larceny. A person is guilty of attempted petit larceny when he attempts to steal property. The People’s proof of defendant’s entry into the van, together with Mr. Hamza’s testimony, the individual with authority over the van, as to the contents of the van, combined with defendant’s flight upon being observed was sufficient to establish that defendant did not have license or *971 permission to enter the van or to take any property contained therein (see People v Collier, 258 AD2d 891, 892 [4th Dept 1999]). Accordingly, defendant’s motion to dismiss this count is denied.