In the Matter of RECONSTRUCTION HOME AND HEALTH CARE CENTER, INC., Appellant, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [883 NYS2d 815]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered July 21, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Health revising petitioner's Medicaid reimbursement rates.

Petitioner, the owner and operator of a Tompkins County nursing home, commenced this proceeding to challenge its Medicaid reimbursement rates for the period January 1, 2006 *through August 31, 2007.* The proceeding stems from the Congressional enactment of Medicare Part D, a program which provides for federal subsidization of prescription drug costs for eligible individuals (*see* Medicare Prescription Drug Improvement and Modernization Act of 2003, 42 USC § 1395w-101 *et seq.*, as added by Pub L 108-173, 117 US Stat 2066, 2071-2176). In response to this enactment, the Legislature directed the Department of Health to exclude an amount for prescription drug costs from the Medicaid rates paid to nursing homes for individuals dually eligible for Medicare and Medicaid (*see* L 2005, ch 58, part C, § 25).

Thus, in 2005, the Department developed and implemented a methodology for computing the Medicare Part D offset which was based on each individual nursing home's actual cost experience. Following industry concerns, however, the Department developed a revised methodology, effective September 2007, which was based on statewide data. As prospectively applied to petitioner, this revised methodology resulted in a more favorable reimbursement offset rate. To be sure, not all nursing homes benefitted from the revised methodology. In challenging its reimbursement rates for the subject period, petitioner argues that the original methodology was arbitrary, capricious and con-

trary to law and that the revised methodology should be retroactively applied. Finding that the original offset methodology was rational, Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Petitioner has failed to meet its heavy burden of demonstrating that the methodology utilized by the Department in calculating its rates for the period in question was unreasonable or unsupported by any evidence (*see Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006]; *Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 331-332 [1995]; *Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health*, 83 NY2d 447, 452 [1994]), that is, petitioner failed to make "a compelling showing that the calculations from which [the original Medicare Part D offsets] derived were unreasonable" (*Matter of Society of N.Y. Hosp. v Axelrod*, 70 NY2d 467, 473 [1987] [internal quotation marks and citation omitted]; *see Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d 791, 794 [1999], *appeal dismissed and lv denied* 93 NY2d 1037 [1999]). Indeed, the Department "is entitled to a 'high degree of judicial deference, especially when . . . act[ing] in the area of its particular expertise' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d at 544, quoting *Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d at 331).

We are particularly unpersuaded by petitioner's contention that the Department is not entitled to "the concept of judicial deference" because the statute at issue is plain and unambiguous. In directing the Department to implement the offset, the Legislature was quite general in its directive. It stated that Medicaid "rates of payment . . . for services provided on or after January 1, 2006, shall not include an amount for prescription drugs" for dual-eligible facility residents (L 2005, ch 58, part C, § 25). The Legislature did not specify how this was to be accomplished. In our view, implicit in the lack of any specific directive is a recognition that the Department would apply its expertise in rate-setting matters. Otherwise stated, while the legislative directive itself may have been relatively plain and simple—exclude an amount for prescription drugs for certain residents in Medicaid "rates of payment"—it most assuredly required consideration, interpretation and application of complex rate-setting formulas to actually implement (*see Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d at 792-794). Such interpretation and implementation was most appropriately left to the Department's sound discretion (*see Mat-*

*ter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health,* 83 NY2d at 452; *Matter of Home Care Assn. of N.Y. State v Bane,* 218 AD2d 106, 109 [1995], *lv denied* 87 NY2d 808 [1996]). Moreover, while the Department opted to revisit the issue and ultimately came up with an alternative methodology which favored petitioner (but disfavored other facilities), no showing has been made that the original methodology was irrational or in contravention of the broad statutory directive (*see e.g. Matter of New York Assn. of Homes & Servs. for Aging v Commissioner of N.Y. State Dept. of Health,* 87 NY2d 978, 982 [1996], *revg on dissenting ops of Crew III and Casey, JJ.,* 212 AD2d 163, 170-172 [1995]; *Matter of Ellis Ctr. for Long Term Care v DeBuono,* 261 AD2d at 792; *St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.,* 247 AD2d 136, 153 [1998], *lv denied* 93 NY2d 803 [1999]; *Matter of A. Holly Patterson SNF v Chassin,* 196 AD2d 155, 159-161 [1994], *appeal dismissed and lv denied* 83 NY2d 962 [1994]) such that petitioner is entitled to a retroactive application of the revised methodology.

Petitioner's remaining contentions have been examined and have been found to be unpersuasive.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.