In the Matter of Brooklyn Hospital Center, Appellant, v Nirav R. Shah, as Commissioner of Health, et al., Respondents. (Proceeding No. 1.) In the Matter of Nassau University Medical Center, Appellant, v Richard F. Daines, as Commissioner of Health, et al., Respondents. (Proceeding No. 2.) In the Matter of Sound Shore Medical Center of Westchester, Appellant, v Richard F. Daines, as Commissioner of Health, et al., Respondents. (Proceeding No. 3.) In the Matter of Beth Israel Medical Center, Appellant, v Nirav R. Shah, as Commissioner of Health, et al., Respondents. (Proceeding No. 4.) [957 NYS2d 465]—

Mercure, J.P.

Prior to December 1, 2008, respondent Department of Health (hereinafter DOH) calculated the detoxification reimbursement rate on a "per discharge" basis, involving a fixed payment for specific, diagnosis-related services provided to a patient, without regard to the length of stay. In order to reduce the costs associated with detoxification services, the Legislature directed that the reimbursement rate be calculated on a "per diem" basis for patients discharged after December 1, 2008, with the operating cost component of the new rate to be calculated using the regional average operating costs for such services as reported by participating hospitals in 2006 (*see* Public Health Law § 2807-c

■ [1]). The regional average operating cost methodology was to be phased in over a 16-month period, with the per diem rate to "reflect the operating cost component of rates of payment effective [December 31, 2007]"—i.e., the hospital-specific, per discharge rate for 2007 converted to a per diem rate—on a gradually decreasing scale during the phase-in period (see Public Health Law § 2807-c [4] [l] [i], [ii]). Petitioners challenged the manner in which DOH converted the 2007 per discharge rate into a per diem rate during the phase-in period. DOH denied their rate appeals, and Supreme Court dismissed the CPLR article 78 petitions, prompting these appeals.

We affirm. Inasmuch as " 'rate-setting actions of [respondent Commissioner of Health are] quasi-legislative in nature,' " they will " 'not be annulled except upon a compelling showing that the calculations from which [they] derived were unreasonable' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006], quoting *Matter of Society of N.Y. Hosp. v Axelrod*, 70 NY2d 467, 473 [1987]; *accord Matter of Reconstruction Home & Health Care Ctr., Inc. v Daines*, 65 AD3d 786, 787 [2009], *lv denied* 14 NY3d 706 [2010]). When the Legislature is unambiguous but general in its directive regarding reimbursement rates, thereby leaving interpretation and the development of a computation methodology to DOH's discretion, DOH acts in its area of expertise in considering, interpreting and applying the complex rate-setting formulas involved in effectuating the statutory directive (*see Matter of Reconstruction Home & Health Care Ctr., Inc. v Daines*, 65 AD3d at 787-788; *Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d 791, 794 [1999], *appeal dismissed and lv denied* 93 NY2d 1037 [1999]). Thus, "DOH is entitled to a 'high degree of judicial deference' . . . and . . . petitioners bear the 'heavy burden of showing' that DOH's rate-setting methodology 'is unreasonable and unsupported by any evidence' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d at 544, quoting *Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 331-332 [1995]).

The Legislature directed that, during the phase-in period, a portion of the per diem reimbursement rate "shall reflect the *operating cost component* of rates of payment effective for [December 31, 2007]"—the per discharge rate converted to a per diem rate—"as adjusted for inflation" (Public Health Law § 2807-c [4] [l] [i], [ii] [emphasis added]). The "operating cost component" of the per discharge rate is defined by the Legislature as "the product of the *average reimbursable inpatient operating cost per discharge* . . . and the weighting

factors determined in accordance with [Public Health Law § 2807-c (3) (c)]" (Public Health Law § 2807-c [5] [a] [emphasis added]). The "average reimbursable inpatient operating cost per discharge" for the relevant period was calculated by dividing the total non-Medicare patient costs by the total non-Medicare patient discharges (see 10 NYCRR former 86-1.54 [a] [3]);[1] the "weighting factors" are based upon the level of resources needed to treat the specific detoxification and withdrawal diagnosis assigned to each individual patient receiving services (Public Health Law § 2807-c [3] [c]).

In order to convert the per discharge operating cost component to a per diem figure as directed by the statute, DOH divided the "average reimbursable inpatient operating cost per discharge"—as noted, an amount representing the cost per discharge of all non-Medicare patients, not just those receiving detoxification services—by the average length of stay for all non-Medicare patients. DOH then multiplied that number, i.e., the per diem operating cost for all non-Medicare cases, by the applicable 2007 "weighting factors" in order to produce a detoxification-specific per diem figure. Petitioners argue that DOH erred in using the average days per discharge for all non-Medicare patients, as opposed to the average days per discharge for non-Medicare detoxification patients specifically, as the denominator when converting to a per diem figure. As they assert, the methodology used by DOH resulted in a lower reimbursement rate because detoxification patients have a shorter average length of stay.

DOH's method of calculating the per diem operating cost component, however, mirrors the manner in which it previously calculated the per discharge figure. As explained above, DOH calculated the per discharge rates based on operating costs associated with all non-Medicare patients divided by the number of all non-Medicare discharges, and then applied the detoxification-specific weighting factors in the final step. The conversion methodology is consistent with that historical approach—the operating component is based on costs associated with all non-Medicare patients divided by the average length of stay for all patients, and then the detoxification-specific weight-

---

1. Specifically, the "average reimbursable inpatient operating cost per discharge" was defined in DOH regulations as a hospital's base year operating costs for all non-Medicare inpatient care, divided by all non-Medicare patient discharges during the base year, then further adjusted by the "case mix index" for all non-Medicare cases treated by that specific hospital (see 10 NYCRR former 86-1.54 [a] [3]).

ing factors are applied in the final step.[2] Accordingly, in our view, petitioners have failed to meet their burden of demonstrating that DOH acted irrationally in setting their per diem rates during the period in question; "[w]ithin the parameters set by the Legislature, DOH has advanced ample explanation for setting rates" consistent with its historical practice (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d at 545; *see Matter of St. Margaret's Ctr. v Novello*, 23 AD3d 817, 819 [2005]; *Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d at 794; *Matter of A. Holly Patterson SNF v Chassin*, 196 AD2d 155, 159-160 [1994]).

Finally, inasmuch as DOH's conversion computation methodology was an interpretation of an express statutory mandate, it was not a formal rule within the meaning of State Administrative Procedure Act § 102 (2) (*see Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d at 794-795; *Matter of A. Holly Patterson SNF v Chassin*, 196 AD2d at 161).

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgments are affirmed, without costs.

**2.** To the extent that petitioners contend that DOH's explanation of the methodology does not match the manner in which the calculation was presented on their rate sheets, DOH presented evidence that the rate sheets did not reflect the order in which the calculations were actually performed and, in any event, the result remains the same regardless of petitioners' challenge to the order.