# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

345

KA 11-00691

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                  V                  MEMORANDUM AND ORDER

DAVID L. HARDY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 21, 2011.  The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree, assault in the second degree, assault in the third degree and attempted petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that the evidence is not legally sufficient to establish that the victim of the manslaughter was a person within the meaning of article 125 of the Penal Law (*see* § 125.05 [1]).  Defendant's conviction arose from an incident that began when he fled the scene of an attempted petit larceny.  During that flight, his vehicle crossed the center line, side-swiped a car, then collided head-on with another vehicle driven by a woman who had been pregnant for approximately 23 weeks, causing her to sustain severe injuries.  In order to save the mother's life, her female child was delivered by cesarean section.  The pediatrician who delivered the child did not detect breathing or a heartbeat immediately after the cesarean section, but the child was resuscitated, and she had a heartbeat of between 60 and 80 beats per minute at five minutes after birth.  Based on the child's high risk of cognitive and neurological deficits, the parents and the pediatrician determined that resuscitative efforts should cease, and removed the child from mechanical life support.  The child's heart beat for about 2½ hours before she died.

Contrary to defendant's contention, we conclude that the evidence of the child's personhood is legally sufficient to support the

conviction (*see generally People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495).  The Penal Law provides that a defendant "is guilty of manslaughter in the second degree when . . . [he or she] recklessly causes the death of another person" (§ 125.15 [1]).  Furthermore, " '[p]erson,' when referring to the victim of a homicide, means a human being who has been born and is alive" (§ 125.05 [1]), and the Penal Law defines homicide as "conduct which causes the death of a person or an unborn child with which a female has been pregnant for more than twenty-four weeks" (§ 125.00).

Defendant first contends that the evidence is not legally sufficient because, pursuant to the above statutory scheme, a child who is less than 24 weeks of gestational age is not a person.  That contention is without merit.  Penal Law § 125.00 uses the disjunctive "or" in defining who may be the victim of a homicide, and it is a well-settled rule of statutory interpretation that "[u]se of the conjunction 'or' in a statute usually indicates that the language is to be construed in an alternative sense" (McKinney's Cons Laws of NY, Book 1, Statutes § 235; *see McSweeney v Bazinet*, 269 App Div 213, 216, *affd* 295 NY 797; *People v Cubiotti*, 4 Misc 2d 44, 46).  Therefore, a victim who is born alive may be a person for the purposes of a homicide pursuant to section 125.00, regardless of whether he or she is less than 24 weeks of gestational age.

Defendant next contends that the evidence is not legally sufficient because the child was not born alive as required by the definition of "person" (Penal Law § 125.05).  As a preliminary matter, we note that defendant did not raise that contention in support of his motion for a trial order of dismissal (*see generally People v Gray*, 86 NY2d 10, 19).  Indeed, in his argument in support of his motion, defendant conceded that the child had been born alive, but advanced a different challenge to the child's personhood.  We nevertheless conclude that "the trial court, in response to defendant's [motion], 'expressly decided the question raised on appeal,' thus preserving the issue for review" (*People v Smith*, 22 NY3d 462, 465).  In any event, that contention is also without merit.  A "child was born alive in the legal sense [if it] had been wholly expelled from its mother's body and possessed or was capable of an existence by means of a circulation independent of [the mother's] . . . The true test of separate existence in the theory of the law (whatever it may be in medical science) is the answer to the question whether the child is carrying on its being without the help of the mother's circulation" (*People v Hayner*, 300 NY 171, 174 [internal quotation marks omitted]).  Here, although the child's breathing was sustained by mechanical means for a short time after the cesarean section was performed, she was removed from mechanical life support and survived on her own without medical assistance for approximately 2½ hours.  Thus, for that period of time she carried "on [her] being without the help of [her] mother's circulation" (*id.*).

Defendant further contends that the evidence is legally insufficient because any injury he may have inflicted on the child occurred before her birth, i.e., when she was not yet a "person" within the meaning of Penal Law § 125.05 (1).  We reject that

contention.  To the contrary, we conclude that the evidence was legally sufficient to establish that element of manslaughter in the second degree, inasmuch as the child "was a 'person' from the moment of her birth . . . , notwithstanding that defendant may have perpetrated the act that caused the injury prior to her birth" (*People v Hayat*, 235 AD2d 287, 287, *lv denied* 89 NY2d 1036; *see People v Hall*, 158 AD2d 69, 72-80, *lv denied* 76 NY2d 940, *reconsideration denied* 76 NY2d 1021).

Finally, defendant contends that the evidence is legally insufficient because the child would likely have died from complications arising from her premature birth, and thus he should not be held responsible for her death.  That challenge is unavailing because the evidence establishes that the injuries that defendant recklessly inflicted were significant factors in causing the child's premature birth and, eventually, her death.  Thus, "defendant may not avoid responsibility by arguing that other causes contributed since his acts were also factors in the [child]'s demise" (*People v Cicchetti*, 44 NY2d 803, 804-805).  Indeed, "[i]t has long been held that criminal liability for death resulting from a felonious assault is not relieved by such contributing factors as a victim's pre-existing health condition" (*People v Bowie*, 200 AD2d 511, 512, *lv denied* 83 NY2d 869; *see generally People v Griffin*, 80 NY2d 723, 726-727, *cert denied* 510 US 821).  In light of the People's evidence that defendant's actions were a "*sufficiently direct cause* of the [child's] ensuing death" (*People v Kibbe*, 35 NY2d 407, 413, *rearg denied* 37 NY2d 741), we conclude that it would be impermissible to allow a jury "to speculate on the [child's] chance of survival" outside of that context of direct causation (*People v Knapp*, 113 AD2d 154, 166, *cert denied* 479 US 844).

Thus, we reject defendant's challenge to the sufficiency of the evidence, and we conclude that there is a "valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*Danielson*, 9 NY3d at 349 [internal quotation marks omitted]; *see generally Bleakley*, 69 NY2d at 495).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court