*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                  520977
_____

In the Matter of WAYNE SPENCE,
    as President of New York
    State Public Employees
    Federation, AFL-CIO, et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, as Commissioner
    of Health, et al.,
                    Respondents.
_____

Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____

        Lisa M. King, New York State Public Employees Federation,
AFL-CIO, Albany (Katherine J. Vorwald of counsel), for
appellants.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondents.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Hard, J.),
entered June 10, 2014 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review certain regulations promulgated by
respondent Commissioner of Health.

        In 2013, respondent Department of Health (hereinafter DOH)
adopted a regulation, together with conforming regulatory
amendments, that required health care personnel who had not been

vaccinated for influenza to wear a surgical or procedural mask during influenza season when in areas where patients or residents may be present (see 10 NYCRR 2.59; see also 10 NYCRR 405.3, 415.19, 751.6, 763.13, 766.11, 793.5).[1]  Petitioners, the President of the Public Employees Federation and four registered nurses represented by that union, commenced this proceeding seeking to annul 10 NYCRR 2.59 and the conforming regulatory amendments.  They asserted that when promulgating the regulation, DOH acted in an arbitrary, capricious and irrational manner, and also that DOH exceeded its authority and violated the separation of powers doctrine.[2]  Supreme Court dismissed the petition and petitioners appeal.

Initially, we find that, although minor amendments were made to 10 NYCRR 2.59 in November 2014 when this appeal was pending, those amendments do not render the appeal moot.  Indeed, both parties urged in their appellate briefs that the amendments did not impact the appeal; however, petitioners changed their position and argued mootness in their reply brief.  Since mootness can be raised at any time (see Gabriel v Prime, 30 AD3d 955, 956 [2006]), we briefly address such argument.  "Where the case presents a live controversy and enduring consequences potentially flow from the [judgment] appealed from, the appeal is not moot" (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014] [citations omitted]; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).  The 2014 amendments narrowed slightly the applicability of the

_____

[1]  The regulation was proposed by respondent Public Health and Health Planning Council pursuant to its authority under Public Health Law § 225, and it was approved by respondent Commissioner of Health.  The Council and Commissioner are part of DOH, and we will herein reference DOH rather than each of these separate respondents.

[2]  Inasmuch as petitioners raised a facial challenge to the constitutionality of a regulation, we convert their CPLR article 78 proceeding to a combined CPLR article 78 proceeding and action for declaratory judgment (see Matter of Carney v New York State Dept. of Motor Vehs., 133 AD3d 1150, 1151 n 1 [2015]).

mask-wearing requirement from an area where patients "may be present" to where they are "typically present," and also carved a few exceptions, such as for personnel providing speech therapy or working with a patient who lip reads. The amendments did not otherwise meaningfully change the mask-wearing requirement for non-vaccinated personnel, and the amendments do not in any way adversely affect or change the basis of petitioners' challenge to the regulatory requirement. If petitioners prevail in their challenge to the original regulation, personnel to whom the current regulation applies will be affected (see Kerwick v New York State Bd. of Equalization & Assessment, 117 AD2d 65, 67-68 [1986]). The fact that DOH also clarified that local health care facilities could adopt more stringent policies has no bearing on this challenge to the merits of the requirements set forth in DOH's regulation. The appeal is not moot since "the rights of the parties will be directly affected by the determination of the appeal" (Matter of Veronica P. v Radcliff A., 24 NY3d at 671 [internal quotation marks and citation omitted]; see Matter of Town of Amsterdam v Amsterdam Indus. Dev. Agency, 95 AD3d 1539, 1540-1541 [2012]; cf. Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York, 229 AD2d 286, 289-290 [1997], lv denied 90 NY2d 807 [1997] [appeal moot where regulation superceded an emergency regulation and contained consequential changes]).

Next, we consider petitioners' contention that DOH acted beyond its delegated power and violated the separation of powers doctrine. "The issues of delegation of power and separation of powers overlap and are often considered together. This makes sense because, if an agency was not delegated the authority to enact certain rules, then it would usurp authority of the legislative branch by enacting those rules" (Greater N.Y. Taxi Assn. v New York City Taxi & Limousine Commn., 25 NY3d 600, 608 [2015] [internal citation omitted]). Analysis of the delegation of power implicates the four "coalescing circumstances" set forth in Boreali v Axelrod (71 NY2d 1, 11 [1987]), which are "non-mandatory, somewhat-intertwined factors for courts to consider when determining whether an agency has crossed the hazy 'line between administrative rule-making and legislative policy-making'" (Greater N.Y. Taxi Assn. v New York City Taxi & Limousine Commn., 25 NY3d at 610, quoting Boreali v Axelrod, 71

NY2d at 11; see Matter of New York Statewide Coalition of Hispanic Chambers of Commerce v New York City Dept. of Health & Mental Hygiene, 23 NY3d 681, 696 [2014]; Matter of NYC C.L.A.S.H., Inc. v New York State Off. of Parks, Recreation & Historic Preserv., 125 AD3d 105, 108 [2014], lv denied 25 NY3d 963 [2015]). Those factors include "whether the agency: (1) operated outside of its proper sphere of authority by balancing competing social concerns in reliance solely on its own ideas of sound public policy; (2) engaged in typical, interstitial rulemaking or wrote on a clean slate, creating its own comprehensive set of rules without the benefit of legislative guidance; (3) acted in an area in which the Legislature has repeatedly tried — and failed — to reach agreement in the face of substantial public debate and vigorous lobbying by a variety of interested factions; and (4) applied its special expertise or technical competence to develop the challenged regulations" (Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d 112, 119 [2015] [internal quotation marks, brackets and citations omitted]; accord Boreali v Axelrod, 71 NY2d at 12-14).

Here, the Legislature delegated broad authority to DOH to consider and implement regulations regarding the preservation and improvement of public health, as well as establishing standards in health care facilities that serve to foster the prevention and treatment of human disease (see Public Health Law §§ 225, 2800, 2803, 3612, 4010). Addressing and attempting to minimize the risk of patient exposure to influenza during influenza season falls comfortably within the intent of the underlying legislation. DOH did not operate outside its sphere of authority or without the benefit of legislative guidance. The regulation offers the options of being vaccinated or, if not, wearing a mask. It thus affords workers options while advancing the closely tailored goal of attempting to minimize an unwarranted and unnecessary public health risk from the spread of influenza. Although there had ostensibly been a prior effort by the Legislature to address mandatory influenza vaccinations for health care personnel, it had died in committee, and there is not a record of repeated efforts to legislatively address the issue with concomitant substantial public debate and lobbying. Preventing or reducing the spread of influenza implicated scientific and medical issues within DOH's expertise. The agency

had its director of the Bureau of Healthcare Associated Infections, Emily C. Lutterloh — a medical doctor and expert in the field — conduct an extensive study and analysis regarding influenza transmission in health care facilities and effective ways to address this serious issue. Upon considering the Boreali factors, as well as other circumstances relevant to whether DOH acted beyond its power, we are unpersuaded that DOH crossed into the legislative sphere.

Petitioners further argue that the challenged regulation (and its conforming regulatory amendments) was arbitrary, capricious, irrational and contrary to law. "An administrative agency's exercise of its rule-making powers is accorded a high degree of judicial deference, especially when the agency acts in the area of its particular expertise" (Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d 326, 331 [1995] [citations omitted]; see Matter of Reconstruction Home & Health Care Ctr., Inc. v Daines, 65 AD3d 786, 787 [2009], lv denied 14 NY3d 706 [2010]). "'[T]he party seeking to nullify such a regulation has the heavy burden of showing that the regulation is unreasonable and unsupported by any evidence'" (Matter of Big Apple Food Vendors' Assn. v Street Vendor Review Panel, 90 NY2d 402, 408 [1997], quoting Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d at 331-332). Contrary to petitioners' contention, the record contains sufficient scientific and factual evidence to support the regulation. Information reviewed by DOH when considering the regulation included, among others, studies and recommendations by the Centers for Disease Control and Prevention, the United States Food and Drug Administration, the Infectious Disease Society of America, as well as various journal articles from experts in the field. Lutterloh submitted a detailed affidavit discussing at length various pertinent issues that were considered when formulating the regulation, including the serious and potentially widespread health risk posed by influenza in health care facilities, data and studies relevant to the spread of influenza, various approaches to the problem considered by experts in the field, potential concerns and consequences implicated by assorted methods of attempting to minimize the influenza risks, and the reasons for the approach recommended and ultimately taken in the regulation. Petitioners

failed to show that the regulation (and its conforming regulatory amendments) was unreasonable or unsupported by evidence in the record.

    Peters, P.J., McCarthy and Rose, JJ., concur.


    ORDERED that the judgment is modified, on the law, without costs, by partially converting the matter to a declaratory judgment action; it is declared that petitioners have not shown 10 NYCRR 2.59 (and its conforming regulatory amendments as cited herein) to be invalid; and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court