Matter of Schwabler v Dinapoli (2021 NY Slip Op 03099)





Matter of Schwabler v Dinapoli


2021 NY Slip Op 03099


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

531889
[*1]In the Matter of Robert Schwabler, Petitioner,
v
Thomas P. Dinapoli, as State Comptroller, et al., Respondent.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

McIntyre, Donohue, Accardi, Salmonson & Riordan, Bay Shore (Sean Patrick Riordan of counsel), for petitioner.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a Nassau County correction officer assigned to the core central desk at the county jail, applied for performance of duty disability retirement benefits (see Retirement and Social Security Law § 607-c) contending that he was permanently disabled as a result of work-related injuries to his back, left knee and right hand. Petitioner asserted that he sustained these injuries when called to assist another correction officer who had arrested and handcuffed a suspect for trespassing on a county lot adjacent to the jail. Petitioner was attempting to place the suspect in his vehicle for transport to the local police department when the suspect attempted to headbutt him, causing petitioner to fall. Respondent New York State and Local Employees' Retirement System denied petitioner's application on the ground that, among other things, the injuries did not result from the acts of an inmate or person confined in an institution under county jurisdiction, as required by Retirement and Social Security Law § 607-c (a). Following a hearing and redetermination, the Hearing Officer recommended upholding the denial, finding that petitioner had not established that his injuries were the result of an act of an inmate or person confined in a county facility. Respondent Comptroller accepted the findings of fact and conclusions of law set forth in the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
We confirm. To qualify for performance of duty disability retirement benefits under Retirement and Social Security Law § 607-c, the applicant bears the burden of establishing that his or her alleged incapacity was "the natural and proximate result of any act of any inmate or any person confined in an institution under [county] jurisdiction" (Retirement and Social Security Law § 607-c [a] [emphases added]; see Matter of Garcia v DiNapoli, 165 AD3d 1331, 1132 [2018]; Matter of Martin v New York State Comptroller, 161 AD3d 1418, 1418 [2018]; Matter of DeMaio v DiNapoli, 160 AD3d 1276, 1277 [2018]; see also Matter of Walsh v New York State Comptroller, 34 NY3d 520, 522 [2019]). Ordinarily, review of an administrative determination denying performance of duty disability retirement benefits is limited to whether substantial evidence exists in the record to support such determination (see Matter of Walsh v New York State Comptroller, 34 NY3d at 523 [citation omitted]). However, where, as here, the dispositive issue is one of statutory interpretation, we will "engage in de novo review of the statutory interpretation" and "need not accord any deference to the agency's determination" (Matter of Walsh v New York State Comptroller, 34 NY3d at 523-524 [internal quotation marks and citation [*2]omitted]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; accord Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 525 [2018]).
Neither the term "inmate" nor the phrase "person confined in an institution" are defined for the purposes of Retirement and Social Security Law § 607-c. Upon consideration of the plain meaning of the statutory language and its commonly understood usage, as well as a review of the definitions given to the term "inmate" in relevant Correction Law and Penal Law provisions (see Correction Law §§ 2 [16] [a]; 102 [d], 400 [5]; Penal Law § 240.32), we find that the individual alleged to have caused petitioner's injuries here does not qualify as an "inmate" or a "person confined in an institution" within the meaning of Retirement and Social Security Law § 607-c (cf. People v Maldonado, 273 AD2d 537, 541-542 [2000], lv denied 95 NY2d 867 [2000]). Indeed, although taken into custody by county correction officers, the arrested trespasser had not yet been processed on his arrest, arraigned, convicted of a crime or committed to any correctional facility, jail or hospital. Thus, although granting petitioner's application under the circumstances of this case would further the legislative purpose of awarding benefits to correction officers injured in the discharge of their duties (see L 1999, ch 639), the restrictive language of Retirement and Social Security Law § 607-c precludes such award here, as petitioner's injuries were not caused by the acts of an inmate or person confined in an institution. Accordingly, we confirm the Comptroller's denial of petitioner's application for performance of duty disability retirement benefits.
To the extent that we have not expressly addressed any of petitioner's arguments, we have reviewed them and found them to be lacking in merit.
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.