Matter of Walker v Commissioner, N.Y. State Dept. of Corr. & Community Supervision (2025 NY Slip Op 02834)

Matter of Walker v Commissioner, N.Y. State Dept. of Corr. & Community Supervision

2025 NY Slip Op 02834

Decided on May 8, 2025

Appellate Division, Third Department

Pritzker, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-24-0054

[*1]In the Matter of Junarian Walker, Appellant,
v
Commissioner, New York State Department of Corrections and Community Supervision, Respondent. (And Four Related Proceedings.)

Calendar Date:March 26, 2025

Before: Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Karen L. Murtagh, Prisoners' Legal Services of New York, Albany (Matthew McGowan of counsel), for appellant.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.
Urban Justice Center, New York City (Jennifer J. Parish of counsel) and Unlock the Box, Washington, DC (Scott Paltrowitz of counsel), for Mental Health Alternatives to Solitary Confinement and others, amici curiae.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Richard Platkin, J.), entered December 8, 2023 in Albany County, which dismissed petitioner's applications, in five proceedings pursuant to CPLR article 78, to review a determination of respondent imposing a penalty of various terms of confinement in a special housing unit.
In 2021, the Legislature passed the Humane Alternatives to Long-Term Solitary Confinement Act (hereinafter the HALT Act) (L 2021, ch 93). Relevant to this appeal, the HALT Act amended Correction Law § 137 to restrict when the Department of Corrections and Community Supervision (hereinafter DOCCS) may place incarcerated individuals in segregated confinement (see Correction Law § 137, as amended by L 2021, ch 93, § 5). The Special Housing Unit Exclusion Law (hereinafter SHU Exclusion Law) (Correction Law § 401, as amended by L 2021, ch 93, § 9) prohibits an incarcerated individual in a residential mental health treatment unit (hereinafter RMHTU) from being sanctioned with segregated confinement, or removed from and placed in segregated confinement or a residential rehabilitation unit (hereinafter RRU),[FN1] except in exceptional circumstances where the incarcerated individual's conduct creates a significant and unreasonable risk to the safety of staff and incarcerated individuals and the individual committed an act within Correction Law § 137 (6) (k) (ii).
Petitioner is an incarcerated individual with serious mental illness who has been confined in a residential mental health unit (hereinafter RMHU) [FN2] in Greene County. Over a two-week period in the summer of 2022, petitioner received five misbehavior reports that resulted in five separate tier III disciplinary hearings; he was found guilty and penalties were imposed amounting to a total of 1,025 days in segregated confinement. Ultimately, petitioner's time was administratively reduced and he completed his disciplinary sanctions for all five incidents in an RMHU. Each of petitioner's administrative appeals was denied.
In June 2023, petitioner commenced these five combined CPLR article 78 proceedings and declaratory judgment actions seeking to annul the portions of each of petitioner's tier III hearing dispositions that imposed segregated confinement sanctions as violative of the HALT Act and SHU Exclusion Law. Respondent answered and contended that the petitions fail to state a cause of action. Supreme Court, in a consolidated judgment on all five petitions, determined that respondent did not violate the HALT Act or SHU Exclusion Law since an RMHU is not considered as segregated confinement or an RRU. As such, Supreme Court dismissed the petitions/complaints. Petitioner appeals, addressing only that part of the judgment dismissing the CPLR article 78 petitions.[FN3]
On appeal, petitioner seeks to annul the portions of each of his tier III hearing dispositions that imposed a segregated confinement sanction in excess of three days as violative of the HALT Act and SHU Exclusion Law. Petitioner [*2]does not, however, seek to vacate the sanctions and receive new ones; rather he seeks to annul the illegal sanctions because they "create[ ] a significant risk that he will face prejudicial inferences if the challenged sanctions are not expunged." Thus, under the circumstances present here, we find that the completion of the sanction does not render the appeal moot as "enduring consequences potentially flow from [these sanctions remaining on petitioner's institutional record]" (Matter of Spence v Shah, 136 AD3d 1242, 1244 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 908 [2016]; see Matter of Dawes v Fischer, 53 AD3d 902, 903 [3d Dept 2008]; compare Matter of Pleasant v Shope, 233 AD3d 1156, 1157 [3d Dept 2024] [finding of mootness as the petitioner was challenging severity of the penalty]; Matter of Smith v Annucci, 232 AD3d 1014, 1015 [3d Dept 2024] [finding of mootness as the petitioner was seeking a declaration that the penalty was unlawful]).
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (Quick v State Farm Mut. Auto. Ins. Co., 233 AD3d 1256, 1258-1259 [3d Dept 2024] [internal quotation marks and citations omitted]). "When presented with a question of statutory interpretation, the statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (Hauser v Fort Hudson Nursing Ctr., Inc., 202 AD3d 45, 48 [3d Dept 2021] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Schwabler v DiNapoli, 194 AD3d 1235, 1236 [3d Dept 2021]). "Where the statutory language is unambiguous, a court need not resort to legislative history" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [citation omitted]; see Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]). "Courts must construe the provisions of the challenged law together unless a contrary legislative intent is expressed, and harmonize the related provisions in a way that renders them compatible" (Hauser v Fort Hudson Nursing Ctr., Inc., 202 AD3d at 48 [internal quotation marks and citations omitted]; see Matter of Covert v Niagara County, 172 AD3d 1686, 1688 [3d Dept 2019]). "[W]here . . . the dispositive issue is one of statutory interpretation, [this Court] will engage in de novo review of the statutory interpretation and need not accord any deference to the agency's determination" (Matter of Schwabler v DiNapoli, 194 AD3d at 1236 [internal quotation marks and citations omitted]; see Matter of Walsh v New York State Comptroller, 34 NY3d at 523).
As relevant to this appeal, as a penalty for violating prison disciplinary rules which permit a penalty of segregated confinement, the HALT Act provides that DOCCS "may place a person in segregated confinement beyond [three consecutive days or six days in any 30-day period] or in a[n RRU] only if, pursuant to an evidentiary [*3]hearing, it determines by written decision that the person committed one of [seven enumerated acts] and if [respondent] or his or her designee determines in writing based on specific objective criteria the acts were so heinous or destructive that placement of the individual in general population housing creates a significant risk of imminent serious physical injury to staff or other incarcerated persons, and creates an unreasonable risk to the security of the facility" (Correction Law § 137 [6] [k] [ii]). The HALT Act also amended the SHU Exclusion Law to provide that, "[a]n incarcerated individual in a[n RMHTU] shall not be sanctioned with segregated confinement for misconduct on the unit, or removed from the unit and placed in segregated confinement or a[n RRU],[FN4] except in exceptional circumstances where such incarcerated individual's conduct poses a significant and unreasonable risk to the safety of incarcerated individuals or staff, or to the security of the facility and he or she has been found to have committed an act or acts defined in [Correction Law §137 (6) (k) (ii)]" (Correction Law § 401 [5] [a]). "The conditions and services provided in the [RMHTUs] shall be at least comparable to those in all [RRUs], and all [RMHTUs] shall be in compliance with . . . [Correction Law § 137 (6) (k)]" (Correction Law § 401 [1]).
We turn first to petitioner's contention that his placement in the RMHU longer than three days violated Correction Law § 137 (6) (k) (ii), which places restrictions on when an incarcerated individual can be placed in segregated confinement or RRUs (see Correction Law § 137 [6] [k] [ii]). Here, petitioner remained in the RMHU where he received at least seven hours of out-of-cell time, therefore he was not in segregated confinement, which is defined as "the confinement of an incarcerated individual in any form of cell confinement for more than [17] hours a day" (Correction Law § 2 [23]). Nor can it be inferred that the Legislature intended for RMHTUs to be encompassed as RRUs as the Legislature distinctly defined both terms separately (compare Correction Law § 2 [21], with Correction Law § 2 [34]). Furthermore, the failure to include a provision including RMHTUs with RRUs implies that its exclusion was intended by the Legislature (see Matter of Doe v City of Schenectady, 84 AD3d 1455, 1458 [3d Dept 2011]; People v Pinkoski, 300 AD2d 834, 837 [3d Dept 2002], lv denied 99 NY2d 631 [2003]). Moreover, respondent's argument that the broad provision in Correction Law § 401 (1) that RMHTUs should be comparable to the conditions and services of RRUs does not infer that RMHTUs should be considered as RRUs throughout the HALT Act. Therefore, based on the foregoing, DOCCS did not violate Correction Law § 137 (6) (k) (ii) by placing petitioner in the RMHU longer than three days without the requisite findings under the HALT Act.
However, as conceded by respondent, we do find that the disciplinary sanctions, as written, violated the SHU Exclusion [*4]Law as set forth in Correction Law § 401. To that end, Correction Law § 401 provides that "[a]n incarcerated individual . . . shall not be sanctioned with segregated confinement for misconduct [in an RMHTU], or removed from the unit and placed in segregated confinement or a[n RRU], except in exceptional circumstances where such incarcerated individual's conduct poses a significant and unreasonable risk to . . . safety . . . and . . . has been found to have committed an act or acts defined in [Correction Law § 137 [k] [6] [ii]]" (Correction Law § 401 [5] [emphasis added]). "Because the statute is phrased in the disjunctive" (Matter of DaimlerChrysler Corp. v Spitzer, 26 AD3d 88, 91 [3d Dept 2005], affd 7 NY3d 653 [2006]; see People v Hardy, 128 AD3d 1453, 1454 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]), DOCCS must find that exceptional circumstances existed and a Correction Law § 137 (6) (k) (ii) act occurred if either 1) the incarcerated individual is sanctioned with segregated confinement for misconduct on the unit or 2) the incarcerated individual is removed and placed in segregated confinement or an RRU. Here, the former applies as petitioner was sanctioned, in writing, with segregated confinement in the RMHU but was not found, in a written determination, to have committed an act pursuant to Correction Law § 137 (6) (k) (ii), a fact which is uncontested by either party. Thus, the written disciplinary sanction was in violation of the SHU Exclusion Law. Therefore, the disciplinary sanctions imposed upon petitioner must be annulled.[FN5]
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's CPLR article 78 petitions; petitions granted to the extent of annulling the sanctions imposed by respondent on each of the five misbehavior reports; matter remitted to respondent to impose new and appropriate sanctions on petitioner for his established rule violations in each of the five proceedings, each not to exceed three days in segregated confinement; and, as so modified, affirmed.

Footnotes

Footnote 1: An RRU is defined as "a separate housing unit used for therapy, treatment, and rehabilitative programming of incarcerated people who have been determined to require more than [15] days of segregated confinement pursuant to department proceedings" (Correction Law § 2 [34]).

Footnote 2: An RMHU is considered an RMHTU which is defined as "housing for incarcerated individuals with serious mental illness that is operated jointly by [DOCCS] and the office of mental health and is therapeutic in nature" (Correction Law § 2 [21]).

Footnote 3: In his brief on appeal, petitioner specifically abandons any argument relative to the portion of the combined proceedings which seeks declaratory relief.

Footnote 4: The HALT Act amended the SHU Exclusion Law to include RRUs (see L 2021, ch 93, § 9).

Footnote 5: We note that, in his brief, respondent asserts that DOCCS has since "prophylactically adopted a policy pursuant to which [the required findings] are made in cases where an incarcerated individual is residing in an RMHU and will remain in the RMHU while serving a further extended sanction of segregated confinement."